**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ALBERT M. BARGESKI,** | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RWT 05-0962 |
| **CHERYL E. ROSE,** | * | |
| Appellee/Trustee | * | |
| v. | * | |
| **AUDREY YVONNE BARGESKI**, | * | |
| Debtor/Appellee | * | |

## MEMORANDUM OPINION

The above-captioned appeal arises from an adversary proceeding initiated by the Appellee, Cheryl E. Rose ("Trustee") in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division. In the adversary proceeding the Trustee filed an action against the Appellant Albert M. Bargeski to recover, as an unauthorized postpetition transfer, the value of a one half (1/2) interest in real estate which Mr. Bargeski and his wife, the Debtor/Appellee, Audrey Yvonne Bargeski, conveyed to the sole name of the Appellant. Mr. Bargeski subsequently filed a third party claim against his former wife alleging breach of certain indemnification provisions contained in their post-petition separation and property settlement agreement. The Bankruptcy Court ultimately entered judgment in favor of the Trustee and dismissed Appellant's third party claim against the Debtor/Appellee Audrey Yvonne Bargeski. Mr. Bargeski timely filed Notices of Appeal of the Bankruptcy Court's judgment and order, and these appeals were assigned Case Nos. RWT 05-962 and 05-1410. On June 29, 2005, the Court granted the parties' consent motion to consolidate the

cases and directed that all further activity on these appeals be filed under case number RWT 05-962.

On July 5, 2005, the Court issued a Memorandum scheduling a hearing on the consolidated bankruptcy appeals for November 14, 2005. This order was docketed in the consolidated case, RWT 05-962. The following day counsel for the Debtor/Appellee entered her appearance in RWT 05-962 and filed a motion for permission to file a surreply. Because Ms. Bargeski's attorney entered her appearance the day after the Court issued notice of the hearing, she did not receive automatic notification from the electronic docketing system notifying her of the scheduling memorandum. Ms. Bargeski's attorney was not present at the hearing held before the Court on November 14.

Ms. Bargeski's counsel has now filed a Motion for Hearing or in the Alternative to File a Post-Hearing Brief, protesting her apparent lack of knowledge of the November 14th hearing. Although it is true that Ms. Bargeski's counsel did not receive electronic notice of the hearing time because her appearance was not yet entered at the time the scheduling memorandum was issued, counsel should have been aware of her responsibility to check the docket of RWT 05-962 at the point that the Court consolidated the bankruptcy appeals. Having already conducted a hearing on the issues on appeal, the undersigned declines counsel's invitation to hold an additional hearing, and concludes that the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by additional oral argument. Fed. R. Bankr. P. 8012. The Court will, however, grant Ms. Bargeski's counsel leave to file a post-hearing brief to address matters that were presented at the hearing. A separate order follows.

|   1/6/06   | /s/ |
|---|---|
| DATE | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |